IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

                                                Case No. 19-cr-10119-01-EFM
                                                        22-cv-1133-EFM

STEVEN M. REGULAR,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Steven Regular's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his prison sentence. After conviction by plea, Regular was sentenced to 105 months' imprisonment, to run consecutive to the state sentence Regular was serving at that time. Regular contends that his attorney's lack of preparation for his sentencing hearing deprived him of his Sixth Amendment right to effective assistance of counsel—namely, that she failed to provide an answer when the Court inquired whether Regular's sentence could run concurrent with his state sentence. Liberally construed, Regular's Motion can also be read to claim that his guilty plea was involuntary, as he complains that his attorney assured him prior to his plea that his federal sentence would run concurrent with his state sentence.

Neither of these arguments hold water. Regular's contentions are plainly incredible and contrary to the record. The Court therefore denies his Motion.

## I.        Factual and Procedural Background

The Grand Jury in this case returned a two-count indictment against Regular, both of which charged him with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At that time, Regular had two prior convictions for aggravated assault and one for domestic violence.

Regular, by and through his counsel, negotiated a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which provided that Regular would plead guilty to the Second Superseding Information charging him with possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). The parties agreed to a sentencing range of 100 to 120 months, and the Government agreed not to oppose a request by Regular that the sentence run concurrent with his state court sentence, if permitted by the Federal Sentencing Guidelines.

In his Petition to Enter Plea of Guilty, Regular represented to the Court as follows:

- I know the sentence I will receive is solely a matter within the control of the Judge.
- I further understand that my background characteristics including . . . the recency and frequency of my prior criminal record . . . may have a specific effect on the sentence.
- I declare that no officer or agent of any branch of government . . . had promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any of other form of leniency if I plead "GUILTY" . . . . If anyone else, including my attorney, made such a promise, suggestion, or prediction . . . I know that [s]he had no authority to do so.

The Court accepted Regular's plea of guilty but reserved accepting the terms of the plea agreement until it had the opportunity to review the Presentence Investigation Report prepared by the United States Probation Office.

At Regular's sentencing hearing, the Court inquired of both counsel whether the Court could order Regular's federal sentence to run concurrent with his state sentence, imposed for a probation violation in *State of Kansas v. Regular*. Ms. Jennifer Amyx, Regular's counsel, argued that his federal sentence should run concurrent with his state sentence because the two offenses were related—Regular's probation was revoked in *State of Kansas v. Regular* because of his instant federal offenses. Regular himself, during his allocution, requested that his sentence run concurrent with his state sentence. The Court ultimately recognized that it *could* run Regular's federal sentence concurrent with the remainder of his state sentence. But the Court declined to do so after finding that the two offenses were separate and unrelated.

The Court sentenced Regular to 105 months' imprisonment, to run consecutive to his state sentence. This was a sentence in the mid-tier of the guideline range—which the Court justified in part by citing "the above-average violent nature of [Regular's] criminal history"—and within the range agreed upon by the parties in the binding Rule 11(c)(1)(C) plea agreement.

Regular now moves the Court under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct his sentence based on his attorney's alleged deficient representation during the sentencing hearing. His motion can also be read to argue that his plea of guilty was involuntarily made, as his attorney allegedly assured him prior to his plea that his federal sentence would run concurrent to his state sentence.

## II.     Legal Standard

Regular seeks to vacate his sentence under 28 U.S.C. § 2255. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioners seeking relief under § 2255 must allege facts that, if proven, would warrant relief from their conviction or sentence.[1] Upon receipt of a § 2255 motion, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2] An evidentiary hearing is therefore not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Regular appears pro se. Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[4] A pro se litigant is entitled to a liberal construction of his pleadings.[5] It is not proper for a district court, however, "to assume the role of advocate for the pro se litigant."[6] For that reason, the Court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[7]

---

[1] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1469 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were "merely conclusory in nature and without supporting factual averments").

[4] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[5] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.")

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### III.     Analysis

A.     **Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution provides that, "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." To succeed on an ineffective assistance of counsel claim, Regular has the burden of satisfying the two-pronged test first identified in *Strickland v. Washington*.[8]  Regular must show "both that his counsel's performance 'fell below an objective standard of reasonableness' and that 'the deficient performance prejudiced the defense.' "[9]  "Courts are free to address these two prongs in any order, and failure under either is dispositive."[10]

Regular's ineffective assistance claim is based entirely on an exchange he believes occurred during his sentencing hearing.  He recalls that the Court "inquired whether [it] had authority to run the Federal time [concurrent] with the State time to the Movant's Counsel and the Counsel stated that she didn't know."  He concludes that his "counsel's ignorance of the law" caused him to receive "a harsher sentence," which prejudiced him and violated his Sixth Amendment rights.

Had events transpired according to Regular's recollection, this conclusion might be correct. But the simple fact is that Regular's recollection is either mistaken or intentionally misrepresented. The transcript of the sentencing hearing makes clear that Ms. Amyx was not ignorant of the law

---

[8] 466 U.S. 668 (1984).

[9] *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Strickland*, 466 U.S. at 687-88).

[10] *Id.* at 1168(citing *Strickland*, 466 U.S. at 697); *see also United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) ("An ineffective assistance claim may be resolved on either performance or prejudice grounds alone.").

as to the Court's ability to run Regular's federal sentence concurrent with his state sentence. Rather, she competently and zealously argued that the Court should run Regular's federal sentence concurrent with the remainder of his state sentence, based on the nexus created by the fact that the state conviction was for a probation violation caused by the federal offense. The Court concluded that it could run the sentence concurrent with the remainder of Regular's state sentence, but ultimately decided not to do so because it concluded the two offenses were separate and unrelated. Still, the arguments of counsel show both skill and preparation well within range of "reasonableness" required by the *Strickland* standard.

Simply put, Regular's recollection of his sentencing hearing, upon which his ineffective assistance claim is entirely based, is mistaken. Ms. Amyx's representation of him at the sentencing hearing was constitutionally sufficient. His § 2255 Motion on this ground is denied.

**B.     Involuntary Guilty Plea**

Regular's Motion can also be read to claim that his guilty plea was involuntarily made. He states that, prior to his plea, he "inquired to his counsel whether the Federal sentence in which he was about to plea guilty to, would run concurrent to his undischarged state sentence . . . ." Ms. Amyx reportedly responded "yes." Regular goes on to say that, based on his "understanding and trusting" his counsel's advice, he accepted the plea agreement.

At the outset, the Government contends that Regular waived this argument by his plea agreement. Regular did "waive any right to appeal or collaterally attack any matter in connection with his prosecution, his conviction, or the components of the sentence to be imposed herein" as part of his plea agreement. But to read this as a waiver of collateral attack on the voluntariness

and validity of the very instrument in which it is contained seems problematic.[11]  The Court therefore does not find that Regular waived his right to collaterally attack the voluntariness and validity of his guilty plea as a result of Ms. Amyx's alleged representations.  Thus, the Court will proceed to consider the merits of such claim.

"Standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary."[12] "When an involuntariness claim rests on the faulty legal decisions or predictions of defense counsel, the plea will be deemed constitutionally involuntary only when the attorney is held to have been constitutionally ineffective."[13]  So we return to the familiar *Strickland* standard, though modified slightly to fit the context.  "In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial."[14]

Again, Regular's claim stumbles right out of the gate.  He attempts to show that Ms. Amyx's performance fell below an objective standard of reasonableness by citing her alleged assurance that the federal sentence would run concurrent with the state sentence.  But the Court has trouble affording this assertion any credibility, as Regular has already shown that he is comfortable playing fast and loose with the truth of what his attorney has said and done.  Moreover, Ms. Amyx has averred that she never made any such assurance.   And Regular's own

---

[11] *See United States v. Viera*, 2011 WL 1403166, at *2 (D. Kan. 2011) ("Because defendant has raised claims which challenge the voluntariness of his plea, the Court declines to enforce the waiver of collateral challenges in the plea agreement as to the claims related to Mr. Duma and as to the claim that Mr. McCauley was ineffective . . . .").

[12] *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).

[13] *Bush v. Neet*, 400 F.3d 849, 853 (10th Cir. 2005) (quoting *Worthen v. Meachum*, 842 F.2d 1179, 1184 (10th Cir. 1988), *overruled on other grounds by Coleman v. Thompson*, 501 U.S. 722 (1991)).

[14] *Silva*, 430 F.3d at 1099.

representations to the Court in his Petition to enter a plea of guilty confirmed that no one, including his attorney, had promised him any form of leniency. Even if she had, Regular stated that he understood she had no authority to do so.

Though this case presents, at least facially, a dispute of fact as to this issue, no evidentiary hearing is necessary under 28 U.S.C. § 2255. Regular's assertions are entitled to no credibility,[15] and the records of the case conclusively show that Ms. Amyx's conduct did not fall below an objective standard of reasonableness. Any contention by Regular that his guilty plea was involuntary because of his attorney's alleged assurances is without merit.

## IV.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[16] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[17] For the reasons explained above, Regular has not made a substantial showing of the denial of a constitutional right. The Court denies a COA. In doing so, the Court notes that Regular may not appeal the Court's denial of a certificate, but he may seek a certificate of appealability from the Tenth Circuit.[18]

---

[15] *See United States v. Chavez*, 862 F.2d 1436, 1438 (10th Cir. 1988) ("Such findings based on the credibility of witnesses are the special province of the trial court."); *United States v. Gutierrez*, 508 F. App'x 842, 845 (10th Cir. 2013) ("However, Mr. Gutierrez is effectively challenging the attorney's credibility, not a defect in the proceedings. And it is within the district court's province to make credibility determinations about witnesses.").

[16] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1).

[17] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[18] *See* Rule 11(a) of Rules Governing Section 2255 Proceedings.

**IT IS THEREFORE ORDERED** that Regular's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 46) is **DENIED.**

**IT IS SO ORDERED.**

This closes the case.

Dated this 19th day of September, 2022.

*Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE